# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| **FORD MOTOR COMPANY**, a Delaware corporation, and **FORD GLOBAL TECHNOLOGIES, LLC**, a Delaware Limited Liability Company, | Civil Action No. 2:17-cv-12906 |
| Plaintiffs, | Honorable Nancy G. Edmunds |
| v. |  |
| **LAUNCH TECH CO. LTD.**, a Chinese corporation, **LAUNCH TECH (USA), INC.**, a California corporation |  |
| Defendants. |  |

Thomas A. Matthews, Esq.,
     (Bar No. P28414)
NEAL D. NIELSEN & ASSOCIATES
2000 Grand River Annex, Suite 2000
Brighton, Michigan 48114
(810) 227-7878
tommatthews@livingstonlawoffices.com

Jeffrey G. Sheldon, Esq.
     (Cal. Bar. No. 67,516)
Kelly W. Cunningham, Esq.
     (Cal. Bar. No.186,229)
CISLO & THOMAS LLP
12100 Wilshire Blvd., Suite 1700
Los Angeles, California 90025
(310) 451-0647
jsheldon@cislo.com
kcunningham@cislo.com

Attorneys for
Defendant Launch Tech (USA), Inc.

## LAUNCH TECH (USA), INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2), (3), OR (6),OR TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on _____ 2018 at ____

_____a.m. or as soon thereafter as the matter may be heard in the above entitled

Court located at 231 W. Lafayette Blvd., Detroit, Michigan 48226, Defendant

Launch Tech (USA), Inc. ("Launch USA") will and hereby does move this Court

to dismiss this case as to Launch USA for lack of personal jurisdiction pursuant to

Fed. R. Civ. P. 12(b)(2) or improper venue pursuant to Fed.R.Civ.P. 12(b)(3), or in

the alternative, for an order transferring this case as to Launch USA to the United

States District Court for the Central District of California on convenience grounds

pursuant to 28 U.S.C. § 1404.

This motion is made on the grounds that Launch USA does not have

sufficient minimum contacts with the State of Michigan such that this Court can

exercise jurisdiction over Launch USA without offending traditional notions of fair

play and substantial justice. Launch USA is a small California corporation that

does not have any office, real property or personal property, warehouse or

inventory, employees, agents, telephone numbers, or bank accounts in the State of

Michigan. Launch USA does not direct any marketing toward the State of

Michigan or residents of the State of Michigan. It has not sold any of the accused

products to anyone in the State of Michigan. This case, therefore, should be

dismissed outright as to Launch USA, or at a minimum, be transferred to the United States District Court for the Central District of California.

Launch USA also joins the motion to dismiss that Launch China filed today to the extent Launch China raises the additional Rule 12(b)(6) challenge that Ford's Amended Complaint does not state a claim upon which relief may be based. Launch USA adds herein that the use of Ford trademarks alleged by Ford is merely descriptive, non-trademark use and/or classical fair use of the trademark(s) that creates no likelihood of confusion and permitted under the law.

This motion is made following a number of teleconferences and written exchanges with counsel for Plaintiffs over the course of the past three months. Counsel were unable to resolve the issues concerning jurisdiction, venue, convenience issues, or Ford's failure to state a claim. (Declaration of Kelly W. Cunningham, "Cunningham Decl.," at ¶ 2). Therefore, these matters are submitted to the Court for determination.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Kelly W. Cunningham and Eric Wang submitted concurrently herewith, as well as all pleadings and papers on file in this action, and upon such other evidence and argument as may be presented by either party to this Court at the time of the hearing.

Respectfully submitted,

Dated:  December 27, 2017

NEAL D. NIELSEN & ASSOCIATES

/s/ Thomas A. Matthews (P28414)
Thomas A. Matthews, Esq.
2000 Grand River Annex, Suite 200
Brighton, Michigan 48114
tommatthews@
livingstonlawoffices.com

CISLO & THOMAS LLP
Jeffrey G. Sheldon, Esq.
Kelly W. Cunningham, Esq.
12100 Wilshire Blvd., Suite 1700
Los Angeles, California 90025
jsheldon@cislo.com
kcunningham@cislo.com

Attorneys for Defendant
Launch Tech (USA), Inc.

T:\17-33795\Launch USA's motion to dismiss or transfer.docx

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **FORD MOTOR COMPANY**, a Delaware corporation, and **FORD GLOBAL TECHNOLOGIES, LLC**, a Delaware Limited Liability Company, | Civil Action No. 2:17-cv-12906 |
| Plaintiffs, | Honorable Nancy G. Edmunds |
| v. | |
| **LAUNCH TECH CO. LTD.**, a Chinese corporation, **LAUNCH TECH (USA), INC.**, a California corporation | |
| Defendants. | |

Thomas A. Matthews, Esq.,
    (Bar No. P28414)
NEAL D. NIELSEN & ASSOCIATES
2000 Grand River Annex, Suite 2000
Brighton, Michigan 48114
(810) 227-7878
tommatthews@livingstonlawoffices.com

Jeffrey G. Sheldon, Esq.
    (Cal. Bar. No. 67,516)
Kelly W. Cunningham, Esq.
    (Cal. Bar. No.186,229)
CISLO & THOMAS LLP
12100 Wilshire Blvd., Suite 1700
Los Angeles, California 90025
(310) 451-0647
jsheldon@cislo.com
kcunningham@cislo.com

Attorneys for
Defendant Launch Tech (USA), Inc.

## BRIEF IN SUPPORT OF LAUNCH TECH USA, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2), (3), OR (6),OR TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

## STATEMENT OF ISSUES

1.  Is Launch USA subject to personal jurisdiction in this forum even though it does not maintain any real property, office, mailing address, telephone number, facsimile number, message service, bank account, personal property, or product inventory in the State of Michigan; nor has it sold any of the accused product in the State of Michigan or to any individuals who reside in the State of Michigan; nor does not have a single distributor or retailer in the State of Michigan; but it is instead a small California corporation of just thirty (30) employees; its sole place of business is located in Ontario, California; and all of its officers, all but one of its employees, and its importer of the accused products reside in California?

2.  Is this District a proper venue for the present dispute between these parties even though Launch USA "may be found" only in the Central District of California and a great majority of the acts alleged in the Complaint occurred in the State of California?

3.  Does the weight of the relative burdens and inconveniences on the parties, the third-party witnesses, and the Court, and the public's interest warrant transfer of this case as to Launch USA to California where Launch USA is a small California corporation located in California, having just thirty (30) employees, all but one of whom reside in California and where Launch USA's contracts are entered into and maintained at its office in California; where none of Launch USA's distributors or retailers reside in Michigan and where it imports the accused products for sale in the United States into the County of Los Angeles, California, and its importer similarly resides in California?

# MOST CONTROLLING AUTHORITIES

# TABLE OF CONTENTS

I.  Introduction .......................................................................................- 1 -

II.  Summary of the Relevant Facts ...................................................- 2 -

III.  This Case Should Be Dismissed Because Assertion by this Court of Person Jurisdiction Over Launch USA Would Not Be Consistent with Traditional Notions of Fair Play and Substantial Justice........................................- 5 -

    A.  The Legal Standard for a Motion to Dismiss for Lack of Personal Jurisdiction ...............................................................................- 6 -

        1.  The Court Lacks General Jurisdiction Over Launch USA ............- 6 -

        2.  The Court Lacks Limited Jurisdiction Over Launch USA ............- 7 -

    B.  Launch USA is Not Subject to General Personal Jurisdiction in Michigan...................................................................................- 8 -

    C.  Launch USA is Not Subject to Limited Personal Jurisdiction in Michigan...................................................................................- 10 -

    D.  This Case Should Be Dismissed For Improper Venue Pursuant To Fed. R. Civ. P. 12(b)(3)...............................................................- 11 -

IV.  Alternatively, this Court Should Transfer the Case to the Central District of California......................................................................................- 13 -

    A.  The Legal Standard for Transferring a Case under 28 U.S.C. § 1404- 14 -

    B.  Applying these Factors Compels Transfer to the Central District of California..................................................................................- 15 -

        1.  The Convenience of the Parties and Witnesses ...........................- 15 -

        2.  The Accessibility of the Physical Evidence.................................- 16 -

        3.  The Availability of Process to Make Reluctant Witnesses Testify- 16 -

        4.  The Costs of Obtaining Willing Witnesses .................................- 17 -

        5.  The Practical Problems of Trying the Case Most Expeditiously and Inexpensively .........................................................................- 17 -

        6.  The Interests of Justice.............................................................- 18 -

V.  Launch USA Joins the Rule 12(b)(6) Portion of Launch China's Motion Also Filed Today....................................................................................- 19 -

    A.  The Legal Standard for Non-Trademark Use of a Trademark and Classical Fair Use....................................................................- 19 -

VI.  Conclusion...................................................................................- 21 -

# **TABLE OF AUTHORITIES**

## **Cases**

*Audi AG v. D'Amato,*
  469 F.3d 534 (6th Cir. 2006)................................................................. - 20 -

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)................................. - 8 -

*Commodity Futures Trading Commission v. Savage,*
  611 F.2d 270 (9th Cir. 1979)................................................................. - 15 -

*Continental Grain Co. v. Barge FBL-585,*
  364 U.S. 19, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960) ................................. - 14 -

*Ford Motor Co. v. Autel US Inc.,*
  No. 14-13760, 2015 WL 5729067 (E.D. Mich. Sept. 30, 2015)........................ - 6 -

*Helicopteros Nacionales de Columbia S.A. v. Hall,*
  466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed. 2d 404 (1984) .......................... - 6 -, - 9 -

*Hoffman v. Blaski,*
  363 U.S. 335, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960) ................................. - 14 -

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.,*
  543 U.S. 111, 125 S.Ct. 542, 160 L.Ed. 2d 439 (2004) ................................. - 20 -

*Neogen Corp. v. Neo Gen Screening, Inc.,*
  282 F.3d 883 (6th Cir. 2002)................................................................. - 7 -

*Prestonettes, Inc. v. Coty,*
  264 U.S. 359, 44 S.Ct. 350, 68 L.Ed. 731 (1924) ....................................... - 19 -

*Reese v. CNH America LLC,*
  574 F.3d 315 (6th Cir. 2009)................................................................. - 15 -

*SFS Check, LLC v. First Bank of Del.,*
  990 F. Supp. 2d 762 (E.D. Mich. 2013) .................................................. - 6 -

*Southern Mach. Co. v. Mohasco Indus., Inc.,*
  401 F.2d 374 (6th Cir. 1968)......................................................... - 7 -, - 10 -

*TC Heartland LLC v. Kraft Foods Group Brands LLC,*
  137 S.Ct. 1514 (2017) ...................................................... - 2 -, - 5 -, - 13 -

*Tobin v. Astra Pharm. Prod., Inc.,*
  993 F.2d 528 (6th Cir. 1993)................................................................. - 6 -

*Van Dusen v. Barrack,*
  376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) ................................. - 14 -

*Viches v. MLT, Inc.,*
  127 F. Supp. 2d 828 (E.D. Mich. 2000) .................................................. - 7 -

*Walden v. Fiore,*
  571 U.S. 12, 134 S.Ct. 1115 (2014) ...................................................... - 8 -

## Statutes

15 U.S.C. § 1115(b)..................................................................................... - 20 -

28 U.S.C. § 1391(b)..................................................................................... - 12 -

28 U.S.C. § 1404 ............................................................................... - 4 -, - 14 -

28 U.S.C. § 1406 ............................................................................................. - 4 -

28 U.S.C. §1400(a).................................................................................... - 13 -

Michigan Compiled Law § 600.711 .......................................................... - 7 -

## Rules

Fed. R. Civ. P. 12(b)(2) ................................................... - 4 -, - 6 -, - 22 -

Fed. R. Civ. P. 12(b)(3) ................................................. - 4 -, - 11 -, - 22 -

Fed. R. Civ. P. 12(b)(6) ......................................................................... - 22 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

This action arises out of the contentions of Ford Motor Company and Ford Global Technologies, LLC (collectively, "Ford") that Launch Tech Co. Ltd. ("Launch China") or Launch Tech (USA), Inc.("Launch USA") copied certain of Ford's copyright-protected software and/or data and used it in the accused automotive diagnostic tools.  These diagnostic tools are used for, among other things, diagnosing and troubleshooting problems with the electronic systems and components of automobiles.

Launch USA uses the "Launch" name pursuant to a license from Launch China but is a completely separate entity from Launch China.  Launch USA did not create or design the accused diagnostic tools, it does not build the diagnostic tools, and does not put any software or data into these tools or even know the software that is in these tools.  Rather, Launch USA buys the accused devices from Launch China and sells them throughout the United States through distributors and retailers.  That is all, and Ford in its Amended Complaint does not allege anything more of Launch USA's role in this matter than that of a mere distributor.

Additionally, Launch China has raised an issue that none of the accused devices were even headed for Launch USA.  Instead, some of the devices identified by Ford in its Amended Complaint were instead counterfeits of Launch

China's products.  The other products identified by Ford appear to have happened to layover in a United States port *en route* to their intended destination of Brazil, suggesting that Ford failed to exercise the proper diligence in investigating the facts before hastily filing its original complaint with this Court.

Ford therefore should never have filed the present action.  Moreover, it should never have filed this action in the Eastern District of Michigan because Launch USA does not have sufficient minimum contacts with the State of Michigan such that this Court can exercise jurisdiction over Launch USA without offending traditional notions of fair play and substantial justice.  Given that Launch USA has no presence, no business, and no contacts with the State of Michigan, forcing Launch USA to litigate this dispute in this District would be unduly burdensome, expensive, and unreasonable.

Moreover, under the Supreme Court's recent decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514, 1517 (2017). and follow on Federal Circuit cases, venue is improper in this District.

## II.    <u>Summary of the Relevant Facts</u>

Launch USA is a California corporation, and its sole place of business is in Ontario, California. (Declaration of Eric Wang, "Wang Decl.," ¶ 2).  Ford admitted

this fact in the original Complaint and the Amended Complaint, but Ford nonetheless decided to bring this action in this District

Launch USA does not own or lease any warehouse, storage facility, or real property of any kind in the State of Michigan.   (*Id.*).Launch USA is a small company with thirty (30) employees.   All but one of these employees reside in California. (*Id.* at ¶ 5).

Launch USA does not maintain any office or any mailing address in the State of Michigan.  It does not have any telephone number or facsimile number listed in the State of Michigan, nor does it maintain an answering or message service in the State of Michigan.   (*Id.* at ¶ 3).  It does not maintain any bank account in the State of Michigan or any vehicles that are registered in the State of Michigan.  (Wang Decl., ¶ 4).  Launch USA has no distributor or retailer in the State of Michigan. (*Id.* at ¶ 5).

Launch USA does not maintain any personal property or product inventory in the State of Michigan.

The accused goods that are bound for sale in the United States are imported through the Port of Los Angeles in California. (Wang Decl., ¶ 6).  The importer that imports the accused goods bound for sale in the United States is a California company located in California.(*Id.*).

Launch USA does not direct any advertising at Michigan or target the residents of Michigan or conduct any business in Michigan. (Wang Decl., ¶7). It has not sold any of the allegedly infringing product in the State of Michigan nor, to its knowledge, sold any of the allegedly infringing product to any individual or company that resides in the State of Michigan.(*Id.*).

Launch USA has never obtained any software or data pertaining to Ford vehicles from any database accessible through the Equipment and Tool Institute ("ETI").(Wang Decl., ¶ 8).

Launch USA does not originate the software or data that is in the accused devices, and it has been assured by Launch China that these products do not contain any software or data that constitutes any copyright infringement or any misappropriation of a trade secret owned by anyone else. (Wang Decl., ¶ 9).

These facts demonstrate that both personal jurisdiction and venue are improper in the Eastern District of Michigan. For these reasons, as well as those set forth below, this Court should dismiss this case pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3), or, in the alternative, transfer this case pursuant to 28 U.S.C. § 1404 or § 1406 to the Central District of California.

Launch USA also seeks recovery of its attorneys' fees incurred as a result of such a blatant abuse of the judicial system, where Ford knew Launch USA had no contacts with the State of Michigan, knew that venue was improper in Michigan

pursuant to the *TC Heartland* decision by the Supreme Court, *TC Heartland*, 137 S.Ct. at 1517, but proceeded in Michigan anyway.

Indeed, Ford also caused this Court to compel Launch USA and its California counsel to Detroit for an early mediation, even though it appears Ford never had any intention to negotiate a settlement with Launch USA. At the mediation hearing on November 28, 2017 before Magistrate Judge Mona K. Majzoub, Judge Majzoub informed counsel for Launch USA that Ford's counsel had expressed to her that they would be making no separate settlement proposal to Launch USA. (Declaration of Jeffrey Sheldon, filed concurrently herewith, at ¶ 2). By failing to notify Launch USA and counsel ahead of the mediation and forcing them to travel to and attend the mediation that really did not involve Launch USA, Ford caused Launch USA to needlessly incur fees and costs that were completely avoidable.


### III.   This Case Should Be Dismissed Because Assertion by this Court of Person Jurisdiction Over Launch USA Would Not Be Consistent with Traditional Notions of Fair Play and Substantial Justice


This case must be dismissed for lack of personal jurisdiction as Launch USA does not have minimum contacts with the State of Michigan, and as a result, assertion of jurisdiction over Launch USA would be unreasonable and unfair.

**A.    The Legal Standard for a Motion to Dismiss for Lack of Personal Jurisdiction**

In a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "[t]he burden of establishing jurisdiction is on the plaintiff ."*Tobin v. Astra Pharm. Prod., Inc.,* 993 F.2d 528, 543 (6th Cir. 1993).  Dismissal is appropriate if the plaintiff fails to set out a *prima facie* case for jurisdiction.  *SFS Check, LLC v. First Bank of Del.,* 990 F. Supp. 2d 762, 769 (E.D. Mich. 2013) (*citation omitted*).

Under Michigan law, a court's exercise of jurisdiction can consist of either general jurisdiction or limited jurisdiction.  *Ford Motor Co. v. Autel US Inc.,* No. 14-13760, 2015 WL 5729067, at *10 (E.D. Mich. Sept. 30, 2015); *see also,HelicoperosNacionales de Columbia S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed. 2d 404 (1984) (noting that minimum contacts may be demonstrated through facts supporting either "general personal jurisdiction" or "specific personal jurisdiction").  Neither type of jurisdiction over Launch USA exists here.

**1.    The Court Lacks General Jurisdiction Over Launch USA**

The exercise of general jurisdiction over a corporation is appropriate where (a) the corporation is organized under the laws of Michigan, (b) the corporation

consents to jurisdiction in Michigan, or (c) the corporation carries on a continuous and systematic part of its general business within the state. M.C.L. § 600.711.

As explained below applying this standard, Launch USA is not subject to general jurisdiction in the State of Michigan.

### 2. The Court Lacks Limited Jurisdiction Over Launch USA

To establish limited personal jurisdiction over a defendant, a plaintiff must show: (a) that the defendant purposefully availed itself of the privilege of acting in the forum state; (b) that the plaintiff's claims arise from the defendant's activities there; and (c) that the acts of the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968). All three factors must be present to allow a court to find limited personal jurisdiction.

In addition, the exercise of limited personal jurisdiction over a defendant by a Michigan court must comport with the Due Process Clause of the Fourteenth Amendment. *See,Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 888 (6th Cir. 2002); *see also,Viches v. MLT, Inc.,* 127 F. Supp. 2d 828, 830 (E.D. Mich. 2000). Due process is satisfied if the defendant has "sufficient minimum contacts" with Michigan "such that the maintenance of the suit does not offend 'traditional

notions of fair play and substantial justice.'"*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

However, in assessing whether a defendant has "sufficient minimum contacts" with the forum state, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."*Walden v. Fiore,* 571 U.S. 12, 134 S.Ct. 1115, 1122 (2014) (*citing,Burger King,* 471 U.S. at 478.

A consideration of each of these three factors for the exercise of limited personal jurisdiction leads to the conclusion that Launch USA is not subject to limited personal jurisdiction in this case.

**B.    Launch USA is Not Subject to General Personal**

**Jurisdiction in Michigan**

None of the elements required for the exercise of general jurisdiction is satisfied as to Launch USA in this action. Launch USA is organized under the laws of California (*not* Michigan), no part of its business is conducted in Michigan, and it does not consent to jurisdiction in Michigan.

Launch USA is a California corporation, and has its principal and only place of business in Ontario, California. Launch USA enters into its contracts in the State of California as well.

As to its contacts with Michigan, Launch USA does not own any real or personal property in Michigan, does not own any vehicles registered in Michigan, is not licensed to do business in Michigan, does not maintain an office in Michigan, does not have any telephone or facsimile numbers listed in Michigan, does not have any answering or message service in Michigan, and does not have a mailing address in Michigan.

In addition, Launch USA does not own or lease any warehouse space or storage facilities in Michigan, does not have any trans-shipment points in Michigan, does not have any bank accounts in Michigan, does not have any employees or agents in, or conducting business in, Michigan.

Furthermore, Launch USA does not direct any advertising into Michigan or target Michigan with any of its marketing efforts. To date, Launch USA has made no sales of the accused product directly into the State of Michigan, and in fact has conducted no business whatsoever in Michigan.

There are, therefore, simply not the "continuous and systematic" contacts necessary to support an exercise of general jurisdiction by this Court over Launch USA. *See, HelicopterosNacionales de Colombia S.A.*, 466 U.S. at 414-16.

### C.    Launch USA is Not Subject to Limited Personal Jurisdiction in Michigan

Launch USA is similarly not subject to limited jurisdiction in this Court. To demonstrate the existence of limited jurisdiction, Ford bears the burden of demonstrating: (a) that Launch USA purposefully availed itself of the privilege of acting in Michigan; (b) that the Ford's claims arise from Launch USA's activities in Michigan; and (c) that the acts of the Launch USA have a substantial enough connection with Michigan to make the exercise of jurisdiction over Launch USA reasonable. *See, Mohasco Indus.,* 401 F.2d at 381.

Launch USA does not have any presence in Michigan and does not target Michigan with any advertising or marketing. (Ford's claims in fact have no particular connection to Michigan.) Its federal trademark infringement and federal copyright infringement claims are based on sales to customers throughout the country of accused products that were imported through California. (Wang Decl., ¶¶ 6-7).

Finally, assertion of limited jurisdiction over Launch USA would not comport with fair play and substantial justice. Launch USA, as illustrated above, has not injected itself into the affairs of Michigan. To force a small company like Launch USA to litigate against a large plaintiff like Ford in a distant forum with which Launch USA has no contacts would work a tremendous burden and injustice

on Launch USA. Ford's claims are frivolous and mistaken, but even if Ford's claims had been meritorious, the proper place to litigate the claim is California, where Launch USA and nearly all of its officers and employees are located and where it receives its products from Launch China. Litigating this case in this Court would be unreasonable, burdensome, and unfair to Launch USA.

Moreover, it appears there is no jurisdiction here over Launch China, and if the case against Launch China is dismissed or moved to California, it makes no sense and would be a waste of judicial resources to maintain this case against Launch USA here.

For these reasons, this Court should dismiss this action as to Launch USA for lack of personal jurisdiction.

### D.   This Case Should Be Dismissed For Improper Venue Pursuant To Fed.R.Civ.P. 12(b)(3)

As to Launch USA, venue in this District is improper and this case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3).The general venue statutes provide that venue in this case is proper only in the Central District of California:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any

defendant resides, if all defendants reside in the same State, (2)
a judicial district in which a substantial part of the events or
omissions giving rise to the claim occurred, or a substantial part
of property that is the subject of the action is situated, or (3) a
judicial district in which any defendant may be found, if there is
no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In the present case, therefore, venue is entirely improper in this District.  As
to venue under § 1391(b)(1) or (3), the two defendants do not reside in the same
State.  Launch USA resides in California; Launch China resides in China.
Therefore, under the first and third prongs of the general venue statute, venue is
proper only in California.

As to venue under § 1391(b)(2), a substantial part of the events alleged by
Ford did not occur in the Eastern District of Michigan.  In fact, Launch USA has
made no sales of the accused products in this District, and has conducted no
business in this District.  (*See*, Wang Decl. at ¶ 7).  The accused conduct is Launch
USA's importation and sale of the accused products.  These events occurred in Los
Angeles County, California.  (Wang Decl. at ¶¶ 6-7).  This case, therefore, should
be dismissed on venue grounds.

- 12 -

Additionally, for cases involving claims of copyright infringement, there is a special venue statute that provides that venue is proper only in the District in which the defendant resides or may be found: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."  28 U.S.C. §1400(a).  And, in the recent *TC Heartland* case, the United States Supreme Court ruled definitively that, when applied to a corporation, this term "resides," in Section 1400, must be narrowly interpreted as meaning, "the State of incorporation."  *TC Heartland*, 137 S.Ct. at 1517.

Under this specific venue statute as well, therefore, venue is proper only the Central District of California because the Central District of California is where Launch USA resides and "may be found."  This Court should therefore dismiss Launch USA from the present action on venue grounds.

## IV.   **Alternatively, this Court Should Transfer the Case to the Central District of California**

A.    **The Legal Standard for Transferring a Case under**

      **28 U.S.C. § 1404**

A party may move to transfer the case pursuant to 28 U.S.C. § 1404(a)to a

District in which it might have been brought for the convenience of the parties and

witnesses:

> [f]or the convenience of parties and witnesses, in the interest of
>
> justice, a district court may transfer any civil action to any other
>
> district or division where it might have been brought

28 U.S.C. § 1404(a).

The purpose of § 1404(a) "is to prevent the waste 'of time, energy, and

money' and 'to protect litigants, witnesses and the public against unnecessary

inconvenience and expense.'"*Van Dusen v. Barrack*, 376 U.S. 612, 616,84 S. Ct.

805, 11 L. Ed. 2d 945 (1964) (*quoting*, *Continental Grain Co. v. Barge FBL-585*,

364 U.S. 19, 26-27,80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960)).

The transferee court must be one in which the action could have been

brought (*i.e.*, where venue, personal jurisdiction, and subject matter jurisdiction are

proper),*see*, *Hoffman v. Blaski*, 363 U.S. 335, 343-344, 80 S. Ct. 1084, 4 L. Ed. 2d

1254 (1960), and the party seeking a transfer bears the burden of showing that

jurisdiction and proper venue would exist in the District to which a transfer is

requested. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 278-279 (9th Cir. 1979).

The Sixth Circuit considers six factors in determining motions to transfer on convenience grounds:

1.  the convenience of the parties and witnesses,

2.  the accessibility of evidence,

3.  the availability of process to make reluctant witnesses testify,

4.  the costs of obtaining willing witnesses,

5.  the practical problems of trying the case most expeditiously and inexpensively, and

6.  the interests of justice.

*Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (affirming the District Court use of these factors in deciding Section 1404 transfer motion).

**B.    Applying these Factors Compels Transfer to the Central District of California**

This case could and should have been brought in the Central District of California. Launch USA is based in Ontario, California and is subject to personal jurisdiction in the Central District of California. Launch USA addresses each factor in turn.

**1.    The Convenience of the Parties and Witnesses**

- 15 -

This factor favors transfer. Launch USA is a small company of thirty (30) employees wholly located within the State of California. *See*, Wang Decl. at ¶ 5. The location of many of the anticipated third-party witnesses (Launch USA's importer, distributors, or accountants) are likewise located in California. Therefore, this factor favors transfer.

### 2.    The Accessibility of the Physical Evidence

A significant majority of the physical evidence in this case is located in the Central District of California. The evidence that the parties are likely to seek or rely upon for their respective case and defenses includes: (1) Ford's trademarks, which are equally available anywhere in the United States, (2) Ford's copyrighted software, which Ford has already produced electronically, (3) Launch USA's accused devices and any information (*e.g.*, sales documents and any marketing materials) related to these products, the inventory of which is located at Launch USA's principal place of business which is located in the Central District of California, and (4) Launch USA's business records, which are also located in California. Therefore, this factor favors transfer.

### 3.    The Availability of Process to Make Reluctant Witnesses Testify

This factor favors transfer. If the case were maintained in this District, come trial, the witnesses that Ford would call would likely include Launch USA

personnel, third-party witnesses, such as those responsible for Launch USA's financial records, Launch USA's custodian of records, Launch USA's importers. All of these individuals reside and/or work in the Central District of California, generally beyond the trial subpoena power of this Court.

On the other hand, Launch USA may or may not require the testimony of Ford personnel concerning Ford's allegations in its Amended Complaint. Therefore, this factor favors transfer to the Central District of California.

### 4.  The Costs of Obtaining Willing Witnesses

Regarding the cost of procuring willing witnesses, most of the third-party witnesses and much of the physical evidence are located in California. To the extent parties are able to get such witnesses to trial, the time and expense these witnesses will incur to appear at the trial will be substantially lower if the trial takes place in California. Therefore, this factor favors transfer.

### 5.  The Practical Problems of Trying the Case Most Expeditiously and Inexpensively

This case can be tried more quickly and less expensively in California. The Eastern District of Michigan appears to be substantially more congested than the Central District of California. The Judicial Business of the United States Courts reports that, as of September 30, 2016, the median time interval in months for "Total Cases" was 8.4 months for this District Court and only 4.9 months for the

District Court for the Central District of California. (*See*, Cunningham Decl. at Exh. 1). In other words, cases can expect to be resolved, on average, more than40% faster in the Central District of California than in the Eastern District of Michigan, and, therefore, the Central District of California might well resolve this case more expeditiously. These relative time intervals shown in Exhibit 1 favor transfer.

Regarding expense, as stated above, most of the third-party witnesses and much of the physical evidence are located in California. To the extent parties are able to get such witnesses to trial, the time and expense these witnesses will incur to appear at the trial will be substantially lower if the trial takes place in California. Therefore, this factor favors transfer.

### 6.    The Interests of Justice

The interests of justice favor transfer. It would be unjust for small Launch USA to have to retain local counsel in Michigan and travel over 2000 miles to attend trial in Michigan, a state in which Launch USA sold no accused products and has conducted no business. (*See*, Wang Decl. at ¶ 7.)

## V.    Launch USA Joins the Rule 12(b)(6) Portion of Launch China's Motion Also Filed Today

Launch China has also filed today its own motion to dismiss or transfer. Launch USA wishes to join in that motion to the extent Launch China challenges Ford's Amended Complaint as failing to state a claim for relief.

Launch USA wishes to add to that challenge the fact that Ford's trademark-based claims -- its claims for trademark counterfeiting, trademark dilution, trademark infringement, false association -- also fail to allege an actual trademark use by Launch USA. Instead, all that Ford alleged constitutes non-trademark use of a trademark, or at most, a use that constitutes classical fair use.

### A.    The Legal Standard for Non-Trademark Use of a Trademark and Classical Fair Use

"When the mark is used in a way that does not deceive the public we see no such sanctity in the word as to prevent its being used to tell the truth. It is not taboo." *Prestonettes, Inc. v. Coty*, 264 U.S. 359, 368, 44 S.Ct. 350, 68 L.Ed. 731 (1924) (J. Oliver Wendell Holmes).

Here, Ford has not alleged that the Ford trademark is prominently displayed on any marketing material or product packaging -- at the point of purchase. Instead, Ford alleges merely that its trademark is displayed on the screen of the accused diagnostic tool, as part of a long list of names of numerous other

- 19 -

automobile manufacturers. That is, when operating the accused device, well after the customer has already bought it, a mechanic or other user may select from a long list of automobile manufacturers the particular make of automobile he or she will be diagnosing. This does not qualify as a trademark use in commerce but rather, merely as a descriptive non-trademark use of the mark: "I need the tool to read the diagnostics from a Ford right now." No one is confused by this descriptive, non-trademark use of Ford's trademark.

Indeed, even if Ford could show that its trademark showed up in marketing materials or at the point of purchase, it would constitute classical fair use. One may still use a trademark of another descriptively if done so "fairly and in good faith:"

> the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, ... of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party….

15 U.S.C. § 1115(b)(4); *see also, KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.,* 543 U.S. 111, 118-22, 125 S.Ct. 542, 160 L.Ed. 2d 439 (2004); *and, Audi AG v. D'Amato,* 469 F.3d 534, 547 (6th Cir. 2006).

Launch USA may sell a diagnostic tool that works with Ford vehicles. It may also instruct customers how the tool works, and in such instructions, it would be unreasonable to require Launch USA to avoid the use of the word 'Ford.'

## VI.   **Conclusion**

For all of the foregoing reasons, this Court should dismiss Launch USA from this action or should at least transfer this action to the Central District of California.

Launch USA does not have sufficient contacts with Michigan. Launch USA did not target Michigan with advertising for the accused product. Specifically, Launch USA made no sales of the accused product in Michigan and has conducted no business in the State of Michigan. Therefore, for this Court to keep this case in this District would not comport with traditional notions of fair play and substantial justice for Launch USA.

Ford also selected an improper venue in this case. As shown herein, Launch USA lacks any meaningful contacts with Michigan. Its employees, associates, representatives, and counsel do not reside in this District. There was simply no basis for Ford to initiate this suit in this Court. The proper venue for this litigation is the Central District of California, where Launch USA may be found.

Launch USA also joins the motion to dismiss that Launch China filed today to the extent Launch China raises the additional Rule 12(b)(6) challenge that Ford's Amended Complaint does not state a claim upon which relief may be based. The use of Ford's trademarks alleged by Ford is merely descriptive, non-trademark use and/or classical fair use of the trademark that creates no likelihood of confusion.

Launch USA therefore requests that this Court to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(3), or Rule 12(b)(6), or alternatively, transfer this case to the Central District of California.

Respectfully submitted,

Dated:  December 27, 2017

NEAL D. NIELSEN & ASSOCIATES

By: /s/ Thomas A. Matthews (P28414)
Thomas A. Matthews, Esq.
2000 Grand River Annex, Suite 200
Brighton, Michigan 48114
tommatthews@
livingstonlawoffices.com

CISLO & THOMAS LLP
Jeffrey G. Sheldon, Esq.
Kelly W. Cunningham, Esq.
12100 Wilshire Blvd., Suite 1700
Los Angeles, California 90025
jsheldon@cislo.com
kcunningham@cislo.com

Attorneys for Defendant
Launch Tech (USA), Inc.