# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**FORD MOTOR COMPANY**, a
Delaware corporation, and **FORD
GLOBAL TECHNOLOGIES, LLC**, a
Delaware Limited Liability Company,

       Plaintiffs,

v.

**LAUNCH TECH CO. LTD.**, a
Chinese corporation, **LAUNCH TECH
(USA), INC.**, a California corporation

       Defendants.

Civil Action No.
2:17-cv-12906-NGE-DRG

Honorable Nancy G. Edmunds

Magistrate Judge David R. Grand

---

Deanna Kunze
NIXON PEABODY LLP
70 West Madison, Suite 3500
Chicago, IL, 60602-4224
(312) 977-4400
dkunze@nixonpeabody.com

Attorneys for Defendants Launch Tech
Co., Ltd.

---

**REPLY IN SUPPORT OF MOTION OF LAUNCH TECH CO., LTD.
FOR DISMISSAL PURSUANT TO RULES 12(b)(2), 12(b)(3) and 12(b)(6)
<u>OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

Launch Tech Co., Ltd. ("Launch China") has moved to dismiss the instant action based upon lack of personal jurisdiction, improper venue, and fundamental flaws in the claims alleged against Launch China. Despite the black letter legal requirement that the basis for specific personal jurisdiction against each defendant be established with specific facts, Plaintiffs fail to do so, instead continuing their improper group pleading of unsupported—and meritless—allegations. That Plaintiffs chose to file a "Combined Response to Defendants' Motions to Dismiss" instead of separately addressing the facts and arguments advanced by the two different defendants in their two separate motions and memoranda is telling—Plaintiffs cannot sustain their claims against Launch China without attempting to confuse Launch China with Launch USA.

Furthermore, Plaintiffs anchor their motion with their repeated protestations that in a previous lawsuit against a different company (the "Ford-Autel litigation"), their complaint was not dismissed. (*See* Resp. at 1, 3, 8, 21-22, 31, 32.) That case eventually settled (*see* Ex. A), and Plaintiffs now endeavor to try to short-cut their burdens in this case by referring to this prior Ford-Autel litigation. Instead, the only truly relevant information from the Ford-Autel litigation is that when Autel filed suit against Launch China as a third-party defendant due to Launch China's agreement to cooperate with Ford, Launch China's motion to dismiss for lack of personal jurisdiction was *granted* by Judge Berg. (*See* Exs. B, C.)

1

Despite Plaintiffs' attempted sleight of hand, the simple—and uncontested—facts remain that Launch China does no business in Michigan and, therefore, cannot be subject to personal jurisdiction in Michigan. Plaintiffs take liberties both with the facts and with the law throughout their "Combined Response."[1] Plaintiffs also misquote Launch China's memorandum in an attempt to create admissions.[2] This Court should not be swayed by such tactics, and it should grant Launch China's motion to dismiss.

## ARGUMENT

As in the Amended Complaint, Plaintiffs' Response blurs the lines between Launch USA and Launch China. Indeed, in the preamble to the First Amended Complaint, Plaintiffs define "Launch" to collectively refer to both Defendants and all nine counts, making no effort to distinguish between alleged acts of the individual defendants.

---

[1] Plaintiffs persistently refer to their unfounded motion for preliminary injunction within the Response. Given the space constraints here, Launch China does not address the false and pejorative arguments made, but reserves its rights to do so.

[2] Launch China does not address each misquote and misrepresentation in Plaintiffs' Response. One particularly egregious example requires noting, however. Plaintiffs state: "Launch China argues that it—along with 'several other' unnamed infringers—'look to [IDS] for their own database systems.' Doc. 27, at 23, Pg ID 505." (Resp. at 5.) Launch China's Memorandum actually reads: "Plaintiffs rely—inadequately—on a subscription to their IDS Software (a subscription several other companies have and look to for their own database systems) and make no connection between that subscription and Launch China." (Memo. at 23-24.) Plaintiffs confirm in their Footnote 4 that other companies do, in fact, use the Ford software referenced. (Resp. at 6.)

Such imprecise "group pleading" is impermissible and cannot support Plaintiffs' personal jurisdiction argument, at a minimum. *See Kerrigan v. Visalus, Inc.*, 112 F.Supp.3d 580, 601-02 (E.D. Mich. 2015) (holding Plaintiffs' group pleading of causes of action was improper because each defendant is entitled to an individualized analysis of liability). In a fact-specific situation such as this—a foreign corporation's sufficient minimum contacts and the attendant due process concerns—Plaintiffs must *minimally* make the jurisdictional allegations as to each defendant individually. Plaintiffs have failed to do so. This failure to adequately plead likewise renders the nine individual claims improper under Rule 12(b)(6), as more fully explained in the underlying motion and memorandum

A.    **Launch China Is Not Subject to Personal Jurisdiction in Michigan.**

Plaintiffs' Response does not address general jurisdiction and therefore concedes that Launch China is not subject to general personal jurisdiction in Michigan. (Resp. at vii.) Yet Plaintiffs further fail to satisfy their burden to set forth specific facts, which satisfy the Sixth Circuit's three-part test for specific personal jurisdiction over Launch China. *See, e.g., SFS Check, LLC v. First Bank of Del.*, 990 F. Supp. 2d 762, 769 (E.D. Mich. 2013). As a result, dismissal is appropriate. *Id*.

As an initial matter, Plaintiffs stretch and warp both the allegations of their Amended Complaint and the uncontroverted facts established by the testimony of

Mr. Jiang in his declaration offered in support of the underlying motion here, as well as his prior declaration in the Ford-Autel litigation. (*See* Exs. C, D.) Plaintiffs submit no counter-declarations, and instead offer only a 2013 Launch China report and two website printouts, all of which unequivocally support Mr. Jiang's testimony. (*See* Resp. Exs. A-C.)

Despite the opportunity to do so in their Response (including the opportunity to file a response solely on the allegations against Launch China), a detailed review of Plaintiffs' allegations demonstrates that Plaintiffs still fail to point to a single fact that creates any connection between Launch China and Michigan (let alone a substantial connection) or would cause Launch China to reasonably anticipate being haled into a Michigan court. *See CompuServe, Inc. v. Patte*, 89 F.3d 1257, 1263 (6th Cir. 1996). In an attempt to unravel Plaintiffs' impermissible group pleadings, Launch China identifies and addresses the paragraphs of Plaintiffs' First Amended Complaint ("FAC"), as well as the related arguments in Plaintiffs' Response that allege Launch China's contacts with Michigan in the Appendix attached hereto. This chart shows that setting aside Plaintiffs' impermissible group allegations, and viewing them in the light most favorable to Plaintiffs, they are left with only three possible contacts that could possibly support an exercise of specific personal jurisdiction. Yet each of these avenues fails the purposeful availment prong of the Sixth Circuit's test, which ensures that a defendant will not be haled

4

into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the unilateral activity of another party or a third person. *Macomb Cty. Bd. of Comm'rs v. StellarOne Bank*, No. 09-15040, 2010 WL 891247, at *6-7 (E.D. Mich. Mar. 10, 2010) (emphasis in original) citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002).

First, it remains uncontroverted that Launch China does no business in Michigan. That Launch USA may sell products to retailers in Michigan does not create contacts between Launch China and Michigan. *See Palnik v. Westlake Entertainment, Inc.,* 344 Fed. Appx. 249, 251 (6th Cir. 2009) (*citing Bridgeport Music, Inc. v. Still N The Water Publ'g,* 327 F.3d 472, 480-83 (6th Cir. 2003) personal jurisdiction does not exist where "defendant was 'merely aware' … of national distribution, but the choice to distribute was 'pretty much out of [its] hands.'"). Plaintiffs' attempt to force Launch China into court in Michigan merely based on Launch USA's "distribution network" must fail. Launch China itself has no distribution network in the U.S.—it is uncontroverted that Launch China sells to Launch USA, who takes possession of those products in China.[3] Launch China

---

[3] Plaintiffs' also attempt to use Launch China's sales to Matco Tools as a connection to Michigan, which similarly fails. Plaintiffs' *ipse dixit* surrounding Launch China's relationship with Matco Tools lacks any basis or point; instead, it again highlights the paucity of investigation done by Plaintiffs and the frailty of their claims. Matco Tools is a Delaware corporation based in Ohio. (*See* Exs. E, F.) Launch China sells products to Matco Tools only in China, and none of those products are at issue in this lawsuit. (*See* Decl. of Jiang, dated 1/25/18, ¶¶ 2-3.)

5

makes no sales of the products at issue in the United States at all—let alone maintaining a distribution network in Michigan.

The remaining three contacts relate only to potential website or internet activity between Launch China and potential users of its products. Plaintiffs offer no support in alleging "Launch China engages in direct sales to Michigan residents of products that incorporate Ford's copyrights and trade secrets via iTunes and Paypal, including the Ford "vehicle line" for Launch's EasyDiag product." (Resp. at 2.) As a result, this argument must fail. *See Digital Filing Systems, Inc. v. Frontier Consulting, Inc.*, No. 05-74753, 2006 WL 1663281 at *1 (E.D. Mich. June 13, 2006) (citations omitted) ("[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.").

Moreover, the mere possibility that Launch China *could* have allowed approved users from Michigan to purchase products from its website is not enough. *See Dolce & Gabbana Trademarks S.r.L. v. TXT Enterprises, Inc.*, No. 14-cv-00855, 2016 WL 8202008 at *4-5 (N.D. Ohio Mar. 9, 2016). Very simply,

---

Matco Tools distributes "through [its] network of franchised mobile distributors, who sell primarily to professional mechanics under the MATCO brand." (*See* Ex. E, Fortive 10k.) At minimum, any activity related to the Matco products is not relevant here, as "the cause of action" must be "'related to' or 'connected with' the defendant's forum contacts." *Youn v. Track, Inc.*, 324 F.3d 409, 419 (6th Cir. 2003) (citing *Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989)). Launch China's sale of any product to Matco Tools simply has nothing to do with Michigan or this lawsuit.

6

Plaintiffs have failed to establish that Launch China actually entered into contracts with residents of Michigan; therefore, they have failed to establish purposeful availment. *Id*.; *see also Digital Filing Systems, Inc.* 2006 WL 1663281 at *4 (holding that website primarily advertising products and services and providing contact information, where only items available for purchase are an internet domain name and a search engine submission package, did not meet the purposeful availment standard).

**B.     The Eastern District of Michigan Is Not a Proper Venue.**

Plaintiffs' Response glosses over their failure to properly allege venue for their copyright claim under Section 1400(a) in the Amended Complaint. At minimum, this Court must dismiss the copyright claim for failure to properly allege venue under Section 1400(a).  And because this Court does not have personal jurisdiction over Launch China and there is no other jurisdiction within which Launch China is amenable to personal jurisdiction, then there is no proper forum and this case must be dismissed against Launch China.

## CONCLUSION

For the foregoing reasons, Launch China respectfully requests that this Court dismiss the Amended Complaint in its entirety, with prejudice.

Date: January 25, 2018                             Respectfully submitted,

                                                                          By: */s/ Deanna Kunze*

7

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing **REPLY IN SUPPORT OF MOTION OF LAUNCH TECH CO., LTD. FOR DISMISSAL PURSUANT TO RULES 12(b)(2), 12(b)(3) and 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** has been filed through the ECF system on January 25, 2018, and will therefore be sent electronically by the ECF system to all registered participants.

                                     */s/ Deanna Kunze*
                                     Deanna Kunze